[No. 14053.   Department One. — July 31, 1891.]

GEORGE H. PECK ET AL., APPELLANTS, *v.* THE BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, RESPONDENT.

MANDAMUS — INSUFFICIENT PETITION — SUPERVISORS — ROADS — REMOVAL OF OBSTRUCTIONS — REPAIR — NON-ABANDONMENT. — A petition for a writ of mandate to compel the board of supervisors of a county to clear from obstructions and keep in repair a portion of a road situated in the county is fatally defective if it fails to show that the obstructed road had not been abandoned and discontinued by the board.

ID. — REQUEST TO ROAD COMMISSIONER OR ROAD OVERSEER. — The omission of the petition to state that the attention of the road commissioner or road overseer had been called to the alleged obstruction, or that either of them had been asked to have the obstructions removed, as provided for in sections 2645, 2731 et seq., of the Political Code, renders the petition insufficient.

ID. — PARTIES — ROAD OVERSEER. — The road overseer is a necessary party to a petition for a writ of mandate to compel the keeping of a road free from obstructions and in good repair.

ID. — WRIT OF MANDATE, WHEN ALLOWABLE. — Writs of mandate are issued only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

APPLICATION to the Supreme Court for a writ of mandate.   The facts are stated in the opinion.

*John Mansfield,* and *Edgerton Blades,* for Appellant.

*Frank P. Kelly, O'Melveny & Henning,* and *James Mc-Lachlan,* for Respondent.

Belcher, C. — This is an application for a writ of mandate to compel the board of supervisors of Los Angeles County "to clear of obstructions, repair, open, put in condition, and keep in condition for public travel," a portion of a road situate in that county.

A demurrer to the verified petition was interposed and sustained by the court below. The applicants declined to amend, and thereupon judgment was entered dismissing the proceeding. The appeal is from that judgment.

The demurrer was upon several grounds, and, in our opinion, was properly sustained, for the following reasons: —

1. Boards of supervisors have general supervision over the roads within their respective counties. They must lay out and establish such highways as are necessary for public convenience, and may abolish or abandon such as are not necessary. (Pol. Code, sec. 2643; County Government Act, sec. 25, subd. 4.) It is not stated in the petition, and it in no way appears therefrom, that the obstructed road had not been abandoned and discontinued by the respondent board.

2. It is made the duty of road overseers, under the direction and supervision of the road commissioners, and pursuant to orders of the board of supervisors, to take charge of the highways within their respective districts, and to keep them clear from obstructions and in good repair. (Pol. Code, secs. 2645, 2731 et seq.) It is stated in the petition, that the road complained of is within a certain named road district, but it is not stated that the attention of the road commissioner or road overseer had ever been called to the alleged obstruction, or that either of them had ever been asked to have the obstruction removed.

Writs of mandate are issued only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Code Civ. Proc., sec. 1035.) The duty here was upon the road overseer, and he should at least have been made a party to the proceeding.

We advise that the judgment be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.