[L. A. No. 4955. In Bank.—November 18, 1916.]

## In the Matter of the Estate of JOHN NEWTON STONE, Deceased.

APPEAL—CONTEST OF WILL—JUDGMENT ADMITTING WILL TO PROBATE—NOTICE OF APPEAL.—Where in a proceeding to contest a will a verdict upholding the will was received and filed on April 27, 1916, and on the same day a purported clerk's judgment in favor of the proponents for costs, ineffectual for any purpose, was filed, and thereafter on June 10, 1916, a formal judgment signed by the judge, admitting the will to probate was filed, which was entered on June 28th, a notice of appeal by the contestant reciting that the appellant "appeals . . . from the judgment on the verdict of

the jury made and entered in the Superior Court on the 27th day of April, 1916, in favor of the proponent," should be construed as showing an appeal from the judgment admitting the will to probate, rather than as one from "the verdict," or from the attempted clerk's judgment.

[D.—APPEAL MAY BE TAKEN BEFORE ENTRY OF JUDGMENT.—Under the amendment of 1911 to section 1715 of the Code of Civil Procedure, the appeal, taken in due time after the judgment was rendered, was not premature because taken before the judgment was entered.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County admitting a will to probate. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Bernard Potter, and Ingall W. Bull, for Appellant.

Hartley Shaw, and Kemp, Mitchell & Silberberg, for Respondent.

THE COURT.—This is a motion to dismiss an appeal taken by Leo Stone Green. The first ground of the motion was that the transcript on appeal, which has now been filed, was not filed within the time prescribed by our rules. As to this ground, at the oral argument we announced that a sufficient showing had been made to warrant us in holding that the appellant's failure in this regard should be excused. Consideration of the affidavits allowed to be filed by the respective parties since the argument has not changed our views in this regard. As to certain matters referred to in these affidavits there is an irreconcilable conflict in the statements made, a conflict that we do not deem it necessary to attempt to determine. We think that there is a sufficient showing to warrant a conclusion that appellant herself understood that she had paid all charges required to and including the filing in this court of the transcript on appeal, and that her mistake in this regard was not inexcusable. We do not feel warranted in dismissing the appeal on this ground.

The notice of appeal was filed June 24, 1916. It stated that the contestant in a proceeding to contest the will of deceased "hereby appeals . . . from the judgment on the verdict of the jury made and entered in the Superior Court . . .

on the 27th day of April, 1916, in favor of said proponent and defendants.'' The record shows that the jury's verdict in the matter, being on the single issue of undue influence, was received and filed April 27, 1916. On this verdict a purported clerk's judgment in favor of defendants for costs, ineffectual under the law for any purpose, was filed April 27, 1916, and this was not entered until June 28, 1916. On June 10, 1916, there was filed a formal judgment signed by the judge, setting forth the verdict and the conclusions of the court as to the other matters essential to the admission of the will to probate, admitting the will to probate, appointing an executrix, and awarding costs. This judgment was entered June 28, 1916. As we have said, the appeal was taken June 24, 1916.

We are satisfied that the notice of appeal should be construed as showing an appeal from the *judgment* of the superior court admitting the will to probate, rather than as one from ''the verdict,'' or from the attempted clerk's judgment which even then had not been entered. If this be so there is no force in the claim that the order from which the appeal is taken is not an appealable order.

There is no force in the suggestion that the appeal was prematurely taken because taken four days before the *entry* of the judgment. Section 1715 of the Code of Civil Procedure, was amended in 1911 [Stats. 1911, p. 400], so as to provide that ''the appeal may be taken at any time after the order, decree, or judgment is *made or rendered,* but not later than sixty days after the same is entered in the minute-book of the court.'' The appeal here was taken *after* the rendition or making of the judgment. The authorities relied on by learned counsel for the respondents are inapplicable in view of the amendment.

The motion to dismiss the appeal is denied.