[Civ. No. 4699.  First Appellate District, Division One.—September 22, 1923.]

## GEORGE D. BURBANK, Petitioner, v. WILLIAM J. HAMILTON et al., Respondents.

[1] MANDAMUS — EXPENSES OF CITY POLICE OFFICER — REJECTION OF CLAIM BY BOARD OF SUPERVISORS—REMEDIES—SECTION 4078, POLITICAL CODE.—A writ of mandate will not issue to compel the board of supervisors of a county to allow and pay the claim of a police officer of a city within said county for personal expenses incurred and paid in executing a warrant of arrest issued out of the police court of the city, where a remedy at law, which is equally convenient, beneficial, and effectual, is afforded him by section 4078 of the Political Code, which provides that a dissatisfied claimant may bring suit against the county on the claim within a specified time, and that any judgment recovered in excess of the amount allowed on the claim shall be paid with costs.

APPLICATION for a Writ of Mandate to compel the Board of Supervisors of Alameda County to allow a certain claim. Denied.

The facts are stated in the opinion of the court.

Leon E. Gray and Robert M. Ford for Petitioner.

Ezra W. Decoto, District Attorney, Earl Warren, Assistant District Attorney, and Ralph E. Hoyt, Chief Deputy District Attorney, for Respondents.

ST. SURE, J.—Mandate. Petitioner is a police officer of the city of Oakland, who was sent by his superior, the chief of police, to San Diego for the purpose of executing a felony warrant of arrest issued out of the police court of the city of Oakland. Subsequently he filed with the board of supervisors of Alameda County a claim against said county in the sum of $105.12, for his personal expenses incurred and paid in executing the warrant of arrest. The board of supervisors rejected the claim and petitioner seeks to compel its payment by this proceeding.

Respective counsel for petitioner and respondents have ably briefed the points presented upon this application. Our interest has been aroused and we are impressed with the force of the argument advanced by the district attorney in behalf of the respondents. It is urged that the issuance of the writ would be violative of section 13 of article XI and section 31 of article IV of the state constitution, and, in this connection, it is suggested that "the legislature [never] intended to provide a scheme of government whereby any police officer in this state, without consulting the county authorities, has the power to spend the money of the county in any manner he sees fit while performing his duties as a police officer of some municipality under its charter"; and, further, that "the legislature [never] intended to make the county of Alameda liable for the personal expenses of a police officer of the city of Oakland incurred in the performance of his duties as a municipal officer." It also appears that the police court of the city of Oakland is organized under an act of the legislature of 1901 (Stats. 1901, p. 576), giving the police court exclusive jurisdiction over *all* misdemeanors, and providing that *all* fines collected be paid into the city treasury. Ever since the organization of the police court under the act of 1901, an administrative construction of it has obtained whereby the municipality executed the process of its police court at its own expense. [1] But impelling and interesting as these questions are, it is not necessary for us to either discuss or decide them here, because it is clear that petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. The remedy is provided by section 4078 of the Political Code, which is as follows: "If the board refuse or neglect to allow or reject a claim or demand for ninety days after the same has been filed with the clerk, such refusal or neglect may, at the option of the claimant be deemed equivalent to a final action and rejection on the ninetieth day, and a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, and not afterward, and if, in such action, judgment is recovered for more than the board allowed on presentation of a certified copy of the judgment the board must allow and pay the same together with the costs adjudged, but if

no more is recovered than the board allowed the board must pay no more than was originally allowed.''

Counsel for petitioner insists that he should not be relegated to the remedy provided by the section above quoted, as it is not ''equally convenient, beneficial, and effectual.'' (*Dufton* v. *Daniels*, 190 Cal. 577 [213 Pac. 949], and cases cited therein.) Applying this test and paraphrasing the language used in *Dufton* v. *Daniels*, we find that the remedy afforded by section 4078 is manifestly equally convenient, because the action therein provided for may be tried in the county of Alameda where the venue for all parties is laid. It is equally beneficial and effective, because the plaintiff yet has ample time in which to commence suit; and should he commence action and recover, section 4078 provides for payment of the judgment and costs. Furthermore, should judgment be obtained its payment may be enforced.

The writ is denied.

Tyler, P. J., and Richards, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1923.