[Civ. No. 4806. Second Appellate District, Division Two.—January 26, 1925.]

## A. C. BROWN et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Judgments—Certiorari Proceeding—Minute Entry of Decision. In a proceeding in *certiorari*, where no answer is filed and no issue of fact is tendered, a "final" judgment is "rendered" when the court, after hearing on the order to show cause, causes to be entered in the minutes an order which, after referring to the previous submission of the petition, recites that "it is now ordered that the writ of *certiorari* be and the same is hereby denied"; and the entry of such order in the judgment-book is not essential to its effectiveness.

[2] Id.—Rendition and Entry of Judgment — Rights Acquired.— Though the statute makes the entry of the judgment the initial point for the commencement of some acts or for the acquirement of some rights, and its rendition the initial point for the commencement of other acts or the acquirement of other rights, the judgment has full force and effect as a judgment regardless of the mere ministerial act of entering it in the judgment-book.

[3] Id.—Functions of Court and Clerk—Final Judgment—Entry. The judgment is the judicial act of the court, and its entry in the judgment-book, which affords the highest record evidence of its existence, is but the ministerial act of the clerk; and that which the court performs judicially, or orders to be performed, is not to be avoided by the action or want of action of the court's ministerial officers; and if the judgment as rendered finally determines the rights of the parties to the action or proceeding, it is as complete when it is pronounced by the court as when it is entered and recorded by the clerk as required by the statute.

[4] Id. — Necessity for Signature. — In a proceeding in *certiorari*, where the judgment as pronounced by the court and as spread upon its minutes is in itself a sufficient guide to the clerk to enable that officer to perform his ministerial duty to enter the correct judgment in the judgment-book, that is all that is necessary; and it is not necessary that the judgment be signed by the judge.

[5] Id.—Refusal to Enter Judgment—Mandamus—Parties—Pleading.—The appellate court will not issue a writ of mandate to

---

1. See 14 Cal. Jur. 911.
2. See 15 R. C. L. 581; 14 Cal. Jur. 910.
4. See 15 R. C. L. 585; 14 Cal. Jur. 914.

compel the clerk of the superior court to enter in his judgment-book the judgment as pronounced by the court and entered in its minutes, where that officer is not made a party to the proceeding and there is no showing that any demand was ever made upon him to enter the judgment, or that he has ever refused to make such entry.

(1) 3 **C. J.**, p. 614, n. 29.    (2) 34 **C. J.**, p. 52, n. 43.    (3) 3 **C. J.**, p. 1055, n. 34.    (4) 3 **C. J.**, p. 602, n. 46.    (5) 38 **C. J.**, p. 848, n. 81.

.PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County and C. W. Guerin, Judge thereof, to cause a formal judgment to be signed and entered in a *certiorari* proceeding.   Writ denied.

The facts are stated in the opinion of the court.

Bauer, Wright & Macdonald, Alexander Macdonald and Henry R. Schultheis for Petitioners.

Bruce Mason and Denio & Hart for Respondents.

FINLAYSON, P. J.—This is an original application to this court for a writ of mandate to compel the superior court for Los Angeles County, and the Honorable C. W. Guerin as judge thereof, to cause a formal judgment to be signed and entered in a *certiorari* proceeding wherein it was sought to review the action of the city council of the city of Long Beach in an annexation matter.

The application for the writ of mandate discloses the following: The petitioners here were the petitioners in the *certiorari* proceeding. On the day when they filed their application in the superior court for the writ of *certiorari* that court made an order, directed to the city council of the city of Long Beach, ordering that body to show cause why the writ of *certiorari* should not issue. A hearing on the order to show cause was had, the question whether the writ should issue was argued and submitted, and on May 29, 1924, the court caused an order to be entered on its minutes as follows: "Petition for Writ of Certiorari, heretofore submitted, in Department 25, Hon. C. W. Guerin then presiding, it is now ordered that the Writ of Certiorari be and the same is hereby denied." Thereafter petitioners, on notice duly served and filed by them, moved the superior

court to sign and to cause to be filed and entered a formal judgment denying their application for the writ of *certiorari*. This the court refused to do. The clerk of the superior court has not been made a party to the present proceeding. It does not appear that any demand was ever made upon the clerk to make entry in his judgment-book of the judgment which was announced by the court and spread upon its minutes; nor does it appear that he has ever refused to make such entry.

Petitioners contend that the order which the superior court caused to be spread upon its minutes denying the writ of *certiorari* is not a final judgment, and that they are entitled to have such final disposition made of the proceeding, by way of a formal judgment, as will enable them to take an appeal. Respondents, on the other hand, contend that the order which the court made and caused to be entered in its minutes is a final judgment, and that its entry in the judgment-book is not a duty which the law imposes upon the court or the judge thereof, but is a ministerial act which the law specially enjoins upon the clerk as a duty resulting from his office.

[1] We think that a final judgment was made by the court, i. e., was "rendered," when the order of May 29, 1924, was announced and entered in the minutes. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., sec. 577.) No answer was filed in the *certiorari* proceeding and no issue of fact was tendered. Consequently no findings were required, and therefore the judgment was "rendered" when the decision was announced by the court and spread upon its minutes. (*Crim* v. *Kessing,* 89 Cal. 478, 488 [23 Am. St. Rep. 491, 26 Pac. 1074]; *Brownell* v. *Superior Court,* 157 Cal. 703, 706, 707 [109 Pac. 91]; *Smith* v. *Ross,* 57 Cal. App. 191 [207 Pac. 55].) Its entry in the judgment-book is not essential to its effectiveness. The code recognizes that the "rendition" of a judgment and its "entry" are different stages which operate as initial points from which other acts may be begun or other rights acquired. (*Gray* v. *Palmer,* 28 Cal. 419, 420.) Thus the right to issue execution attaches from the time of the entry of the judgment (Code Civ. Proc., sec. 681); but an appeal is effective if taken at any time after the rendition of the judgment

but not later than sixty days after its entry. (Sec. 939, Code Civ. Proc., as amended in 1915 [Stats. 1915, p. 205]. A like provision is contained in section 1715. See *Estate of Stone,* 173 Cal. 675 [161 Pac. 258].)

[2] Though the statute makes the entry of the judgment the initial point for the commencement of some acts or for the acquirement of some rights, and its rendition the initial point for the commencement of other acts or the acquirement of other rights, the judgment has full force and effect as a judgment regardless of the mere ministerial act of entering it in the judgment-book. Mr. Freeman, in his work on Judgments, declares (vol. 1, sec. 38) that "a judgment is not what is entered, but what is ordered and considered."

[3] The judgment is the judicial act of the court; its entry in the judgment-book, which affords the highest record evidence of its existence, is but the ministerial act of the clerk. That which the court performs judicially, or orders to be performed, is not to be avoided by the action or want of action of the court's ministerial officers; and if the judgment as rendered finally determines the rights of the parties to the action or proceeding, it is as complete when it is pronounced by the court as when it is entered and recorded by the clerk as required by the statute. (*In re Cook,* 77 Cal. 220 [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431]; Id., 83 Cal. 415 [23 Pac. 392]; *Otto* v. *Long,* 144 Cal. 144, 146 [77 Pac. 885]; *In re Clarke,* 125 Cal. 388, 395 [58 Pac. 22]; *Fresno Estate Co.* v. *Fiske,* 172 Cal. 583, 597, 598 [157 Pac. 1127].)

[4] Nor is it necessary that the judgment be signed by the judge. The judge's signature gives it no additional validity. (14 Cal. Jur., p. 914; *Crim* v. *Kessing, supra.*) The principal object of the judge's signature is to afford the clerk a surer means of correctly entering what the court has adjudged. But that was not necessary in the instant case, for here the judgment as pronounced by the court and as spread upon its minutes was in itself a sufficient guide to the clerk to enable that officer to perform his ministerial duty to enter the correct judgment in the judgment-book. This is all that was necessary. (*Broder* v. *Conklin,* 98 Cal. 364 [33 Pac. 211].)

Since neither signing by the judge nor entry by the clerk is an essential prerequisite to the validity of a judgment,

and since an appeal is not ineffective merely because it is taken before the entry of the judgment, it follows that the order which was spread upon the minutes of the court in the *certiorari* proceeding must be held to be a final judgment if its language amounts to a final determination by the superior court of the rights of all parties to the proceeding. The order contains all the effective words of a judgment. It declares that ''it is now ordered that the writ of *certiorari* be and the same is hereby denied.'' Such language is in its nature and essence that of a final judgment. The order finally and entirely disposes of the whole case. It clearly shows that the court had determined the rights of the parties to the proceeding, by declaring that the writ of *certiorari* be and that it is denied. It completely disposes of the proceeding in which it was made, so far as the court which made it is concerned. As was said by Mr. Justice Shaw in *Dollenmayer* v. *Pryor*, 150 Cal. 3 [87 Pac. 616], ''The most verbose statement could not state the determination more accurately or effectually.'' Nothing whatever remained to be done except to enter the judgment in the judgment-book. But that was a ministerial duty of the clerk, and no further judicial action was left for the court.

If the clerk has not already entered the judgment which was rendered by the court in the *certiorari* proceeding, it is his duty to do so. That judgment is not a judgment of dismissal. It is not of the class of judgments mentioned in section 581 of the Code of Civil Procedure. As we have stated, no answer was filed by the defendants in the *certiorari* proceeding, and therefore no issue of fact was joined. At the hearing on the order to show cause the superior court was called upon to try an issue of law. It determined that issue, with the result that it rendered a judgment to the effect that its writ of review do not issue. The situation is somewhat analogous to that which exists when the court renders a judgment for the defendant after having made its order sustaining a demurrer to the complaint without leave to amend. Such a judgment is not one of dismissal within the meaning of section 581.

[5] But though we think it the duty of the clerk to enter in his judgment-book the judgment as pronounced by the court and entered in its minutes, we cannot compel that

officer to make such entry—assuming that he has not already done so—and this for two reasons: First, it does not appear that any demand was ever made upon the clerk to enter the judgment, or that he has ever refused to make such entry; secondly, he is not a party to this proceeding. The person upon whom the duty is enjoined by the statute is a necessary party to the proceeding. (*Peck* v. *Board of Supervisors*, 90 Cal. 384 [27 Pac. 301].) A refusal by the clerk to enter the judgment would be in no sense a refusal by the court. (*State ex rel.* v. *District Court,* 125 Minn. 522 [146 N. W. 480].) It doubtless is true that whenever the clerk refuses to enter the judgment as rendered, the superior court, whose officer he is, should order him to make the entry. If there were anything here to show that the superior court had refused to perform its duty to coerce a recalcitrant clerk, it is quite possible that we could compel that court to perform such duty by issuing our mandate directing it to order its clerk to enter the judgment. (*Havens* v. *Stewart,* 7 Idaho, 298 [62 Pac. 682]. See, also, the dissenting opinion of Mr. Justice Harrison in *People* v. *Superior Court,* 114 Cal. 479 [46 Pac. 383].) But until the clerk refuses to enter the judgment in the book kept by him for that purpose, no duty rests upon the superior court to take coercive measures with respect to that officer. The presumption is that the superior court will do what the law demands of it as and when the occasion arises.

Our conclusion is that the application for the writ of mandate fails to show that either of these respondents has ever refused to perform any act which the law specially enjoins upon the court, or upon Judge Guerin as a duty resulting from his office as judge.

The alternative writ of mandate is discharged and the application for the peremptory writ of mandate is denied.

Works, J., and Craig, J., concurred.