[Civ. No. 8867. First Appellate District, Division One.—July 11, 1934.]

THOMAS BUTLER, Appellant, v. R. L. HASTINGS, Respondent.

Thomas Butler, *in pro. per.,* and Stanford G. Smith for Appellant.

A. W. Sans and Sans & Hudson for Respondent.

THE COURT.—An action by an attorney, as assignee, to recover from defendant, who was the chief of police of the city of Watsonville, a sum deposited by plaintiff's assignor as bail for his appearance on a criminal charge.

Judgment was entered for the defendant, and plaintiff has appealed.

The assignor was charged by a complaint filed in the police court of the above city with having contributed to the delinquency of two minor girls by the commission of certain acts tending to bring them within the Juvenile Court Law, namely, keeping them from home all night, plying them with liquor and soliciting sexual intercourse with them. At the time the warrant issued the magistrate indicated by an indorsement thereon the amount which he would require as cash bail, and the amount in case a bond should be furnished; and the assignor at the time of his arrest was apprised of this by the arresting officer. The

arrest was made after the office of the magistrate had closed for the day. The evidence shows sufficiently that at the implied request of the assignor the defendant accepted the sum in question, to be delivered to the magistrate as cash security for the assignor's appearance, and it was so delivered on the same evening. The plaintiff appeared in court on the following morning as the assignor's counsel, and the hearing was regularly continued to the 17th of the same month. No question was raised by the attorney as to any irregularity in the previous proceedings. Nothing to the contrary appears from the record; and we must presume that any necessary order fixing the amount of bail was then made and the deposit applied accordingly. (Code Civ. Proc., sec. 1963, subd. 15.) Subsequently, the assignor not appearing, an order was made that the bail be forfeited, and the same was later deposited in the city treasury.

The police court had preliminary jurisdiction of the case (14 Cal. Jur., Infants, sec. 46, p. 158; *Gardner* v. *Superior Court*, 19 Cal. App. 548 [126 Pac. 501]; *People* v. *Budd*, 24 Cal. App. 176; *People* v. *Superior Court*, 104 Cal. App. 276, 281 [285 Pac. 871]), and the warrant issued was regular in form.

Plaintiff claims that the complaint failed to state a public offense; that the magistrate was without power to fix bail in the alternative or to delegate to the arresting officer power to accept the same or to release the accused.

The complaint was sufficient as against a general demurrer. (*People* v. *De Leon*, 35 Cal. App. 467 [170 Pac. 173]; *People* v. *Perfetti*, 88 Cal. App. 609 [264 Pac. 318]; *People* v. *Kinser*, 99 Cal. App. 778 [279 Pac. 488].)

As respects the further contentions by plaintiff, the circumstances disclosed by the evidence render the discussion thereof unnecessary. The present action was one for money had and received for the use and benefit of the assignor based upon a *quasi*-contractual obligation. It is of the essence of such obligations that defendant had received a benefit and that its retention is inequitable.

Section 1295 of the Penal Code provides for the deposit of cash in lieu of an undertaking; and section 1458 of the same code makes the provisions thereof relative to bail applicable to justices' and police courts. In the present case there was no constraint or duress. Both parties were

charged with knowledge of the law (*Hoffman* v. *Department of Industrial Relations*, 209 Cal. 383 [287 Pac. 974, 68 A. L. R. 294]), and if there was a mistake in that respect, as claimed by plaintiff, the same, so far as appears, was mutual. If it be assumed that the course pursued was irregular it was taken pursuant to the assignor's implied request, and, as shown, the defendant, acting in exact accord therewith, subsequently paid the amount to the magistrate. It has been held in numerous cases that where money is deposited under circumstances such as these the prisoner, who thereby procures his release, will not be heard to say that due to an irregularity he is entitled to recover the deposit. (6 Cor. Jur., sec. 211, p. 983; *Jones* v. *Gordon*, 82 Ga. 570 [9 S. E. 782]; *Sauskelonis* v. *City of New Britain*, 89 Conn. 298 [94 Atl. 368]; *State* v. *Scanlon*, 2 Ind. App. 320 [28 N. E. 426]; *Cooper* v. *Rivers*, 95 Miss. 423 [48 So. 1024].) ▪ It is also well settled that where a defendant, because of the receipt of a benefit and before learning of the mistake so changes his position that it would be inequitable to charge him with a loss, a recovery against him will be denied.

Under the facts in the present case there is nothing just or equitable in the claim against the defendant, and the trial court properly decided in his favor.

The judgment is affirmed.