[Civ. No. 10993. Second Appellate District, Division Two.—July 29, 1936.]

RUSSELL W. NORTHRUP et al., Respondents, v. JOHN R. HAYNES et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Appellants.

Robert F. Shippee for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from an order granting respondents' petition for a writ of *mandamus* requiring appellants to pay to each of respondents the sum of $612.

The facts so far as material are:

Petitioners were improperly refused employment in the department of water and power for 72 working days and, after reinstatement to their positions, each sought through a writ of mandate to recover from the appellants the sum of $612.

This is the sole question necessary for us to determine:

■ *Is a writ of mandate, where reinstatement is not sought, a proper remedy for recovery of wages due a municipal employee?*

This question must be answered in the negative. The well-recognized procedure, where a right to recover salary is asserted and denied by respondents, is by ordinary suit at law for the salary. (*Butler* v. *City of Plainfield*, 5 N. J. Misc. 170 [135 Atl. 669]; *Police Commissioner for the City of Boston* v. *City of Boston*, 279 Mass. 577 [181 N. E. 790].) It is well settled that *mandamus* may not be invoked where there is a plain, speedy, and adequate remedy in the ordinary course of law. (Sec. 1086, Code Civ. Proc.)

Therefore, since petitioners could have filed suit in the municipal court to recover the amount of salary alleged to be due them, they had a plain, speedy, and adequate remedy at law. This is equally convenient, beneficial and effective as a proceeding by *mandamus*, which therefore is not available to them. (*Black* v. *City of Santa Monica*, 13 Cal. App. (2d) 4 [56 Pac. (2d) 256]; *Burbank* v. *Hamilton*, 63 Cal. App. 745, 746 [219 Pac. 1047].)

For the foregoing reasons the judgment is reversed, with directions to the trial court to enter judgment denying the petition for a writ of mandate.

Crail, P. J., and Wood, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1936.