[Civ. No. 11089.   Second Appellate District, Division One.—November 13, 1936.]

THOMAS COOMBS, Appellant, v. ERNEST R. SMITH et al., Respondents.

David Berniker for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Respondents.

WHITE, J., *pro tem.*—This is an appeal from a judgment denying appellant's petition for a writ of *mandamus* requiring respondents to pay to appellant the sum of $1869.02.

The material facts are that appellant entered the employ of the department of city planning of the city of Los Angeles in December, 1926, and served continuously until July 31, 1930, when he was regularly appointed to the position of director-manager of the department of city planning of the city of Los Angeles, under section 79 of the charter of said city.   He served continuously in this capacity until the termination of his employment on October 1, 1935. Appellant contends that the salary of the office of director-manager was fixed, in conformity with section 85 of the charter of the city of Los Angeles, at $5,000 per annum. Appellant received such salary until July 1, 1932, but

during the year 1932–33 he received a salary of $4,263.98; in 1933–34, $4,493.60; during 1934–35, up to June 30, $4,500; and from July 1 to October 1, 1935, at which latter date his employment terminated, appellant received $1137.10. By this proceeding in *mandamus* appellant seeks to recover the difference between the moneys actually received by him and the sum of $5,000 per annum, which he alleges to be the legal salary for the position he occupied.

Although several points are raised by appellant on this appeal, we are of the opinion that the sole question necessary for us to determine is whether the writ of mandate, where reinstatement is not sought, is a proper remedy for recovery of wages due a municipal employee. It is fundamental, in our opinion, that the extraordinary remedy provided by a writ of *mandamus* will not be permitted where there is other relief afforded by law. In the recent case of *Northrup* v. *Haynes,* 15 Cal. App. (2d) 665 [59 Pac. (2d) 1056], it was said: "The well-recognized procedure, where a right to recover salary is asserted and denied by respondents, is by ordinary suit at law for the salary." See, also, *Butler* v. *City of Plainfield,* 5 N. J. Misc. 170 [135 Atl. 669]; *Police Commissioner for the City of Boston* v. *City of Boston,* 279 Mass. 577 [181 N. E. 790]; *Black* v. *City of Santa Monica,* 13 Cal. App. (2d) 4 [56 Pac. (2d) 256]. Therefore, since appellant could have filed suit in the municipal court to recover the amount of salary alleged to be due him, he had a plain, speedy and adequate remedy at law. This is equally convenient, beneficial and effective as a proceeding by *mandamus,* which, therefore, is not available to him. (*Black* v. *City of Santa Monica, supra; Burbank* v. *Hamilton,* 63 Cal. App. 745, 746 [219 Pac. 1047].)

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.