[Civ. No. 10999. First Appellate District, Division One.—February 27, 1940.]

EUGENE PATON, Appellant, v. D. M. TEETER, County Auditor, etc., Respondent.

Gladstein, Grossman & Margolis for Appellant.

Francis P. Healey, District Attorney, and J. Vance Porlier, Deputy District Attorney, for Respondent.

WARD, J.—This is an appeal from a judgment sustaining a general demurrer, without leave to amend, to a petition for a writ of mandate to compel a county auditor to draw his warrant for a specified sum as a refund of deposited bail. The question involved is whether a writ of mandate is an appropriate remedy. The facts applicable to this petition will be found in *Paton* v. *Superior Court,* Civil No. 11187 (*ante,* p. 475 [99 Pac. (2d) 698]), filed this date.

The point suggested by this court after the first oral argument, and considered upon the second oral argument and subsequently in briefs, is, assuming the order, directing that an amount be retained out of a bail deposit as payment of a fine, must be annulled before relief is sought, would an order commanding the county auditor to draw his warrant for the return of the money be proper in the absence from the record of any evidence that there had been a compliance with section 4075 of the Political Code, which provides: "All claims against any county or against any public officer in his official capacity payable out of any public fund under the control of the board of supervisors, whether such claim be founded upon contract, express or implied, or upon any act or omission of the county or any officer or employee thereof, or of any district or public entity the funds of which are controlled by the board of supervisors, or of any officer or employee of any such district or public entity, shall be presented to the board of supervisors as herein provided before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided and rejected in whole or in part."

The money involved in this proceeding is the sum of $1,000 which was ordered retained, from an amount of $10,000 bail deposited, and applied to the payment of fines imposed on four criminal defendants.

The statutory provision for the application of a cash deposit in satisfaction of a fine is section 1297 of the Penal Code. Assuming that the orders providing that part of the bail be applied in satisfaction of the fines imposed were in excess of the jurisdiction of the court, nevertheless the orders resulted in the deposit, without the direct jurisdiction of the court and within the control of the board of supervisors, of the disputed amount.

In the absence of statutory provision, cash bail may not be accepted in lieu of a bail bond. (*Rodman* v. *Superior Court,* 13 Cal. (2d) 262, 269 [89 Pac. (2d) 109].) Eliminating the question as to whether or not the court improperly accepted cash bail, and assuming that a contract had been entered into between the bondsman and the state for the appearance of the defendants, we are not inclined to hold that the money thus accepted may not be recovered if the deposit of cash as bail was made in good faith. In other words, if

one furnishing the wrong type of security, as in this case, cash in lieu of a bond, is estopped to claim that the court had no authority under the statute to receive the particular deposit as required (*Kirschbaum* v. *Mayn*, 76 Mont. 320 [246 Pac. 953, 48 A. L. R. 1425]), so the respondent herein as a governmental agency may not successfully claim that because it was unauthorized to accept the cash, appellant may not recover. If the course pursued resulted in a mutual mistake, the respondent may not take advantage of the irregularity. (*Butler* v. *Hastings*, 139 Cal. App. 641 [34 Pac. (2d) 751].)

 The order in effect directs that the $1,000 be turned over to the county treasurer. (Pen. Code, sec. 1570.) We must assume that the county officials performed their duty and that this "fine" for the criminal offense was paid into the county treasury for its use and benefit and that, in the absence of statutory provision directing its deposit in a special fund, it became the property of the county. After money is received by a county treasurer, he is not permitted to pay out any portion thereof except as authorized by law. When the deposit ceases to be under the direct control of the court, and becomes the property of the county for its own use and benefit as distinguished from a deposit in a special fund, such as a bail deposit, then section 4076 of the Political Code forbids the withdrawal thereof except by claim against the county, and if the claim is rejected, then by suit. On *certiorari* the entire record may be reviewed for jurisdictional error. In this proceeding in mandate, we are interested only in the prayer to command the county auditor to draw his warrant for the amount of the fines.

Assuming that the amount in question was mistakenly delivered to the county for its use and benefit, we are confronted with section 4123 of the Political Code providing: "Any money other than taxes, erroneously paid in to the county treasurer, may be returned to the person paying it in, upon a warrant drawn by the county auditor on the order of the board of supervisors, based upon such voucher as will show proper evidence of the facts." (See, also, sec. 4091, Pol. Code.) In the absence of proof of compliance with section 4075 of the Political Code, mandate is not available. As may be noted in *Paton* v. *Superior Court, supra,* the orders directing the retention of part of the bail have been ordered annulled.

Petitioner must follow the method of procedure provided by the statute.

Judgment after order sustaining demurrer without leave to amend is affirmed.

Peters, P. J., and Knight, J., concurred.