[Civ. No. 12737.   Second Appellate District, Division Two.—November 18, 1940.]

OLAF  JOHNSTON, Petitioner, v. STATE COMPENSA-
TION INSURANCE FUND, Respondent.

Allan Macdonald Carson for Petitioner.

Donald Gallagher and Roy Weisensel for Respondent.

McCOMB, J.—This is an original application for a writ of *mandamus* to require respondent to pay petitioner a sum alleged to be due him pursuant to an award of the Industrial Accident Commission.

The facts so far as material are:

June 28, 1937, the Industrial Accident Commission found that petitioner was permanently and totally disabled as a result of an industrial accident and made an award against respondent predicated upon a policy of industrial accident insurance which it had issued.   The award provided that respondent should pay to petitioner beginning October 25, 1934, $21.61 a week for 240 weeks, and thereafter for life $13.30 a week.   Respondent complied with the aforesaid order until on or about February 23, 1938.   Thereafter, respondent failed

and refused to pay petitioner any additional compensation pursuant to said award.

This is the sole question necessary for us to determine:

*Is a writ of mandamus a proper remedy for recovery of sums of money from the State Compensation Insurance Fund alleged to be due pursuant to an award of the Industrial Accident Commission for injuries resulting from an industrial accident?*

This question must be answered in the negative and is governed by the following established principles of law:

(1) Every contract or policy of insurance issued by respondent (State Compensation Insurance Fund) must contain a clause to the effect that respondent will be directly and primarily liable to any proper claimant for payment of any compensation for which the employer is liable (sec. 11651 and sec. 11631, Ins. Code).

(2) Respondent may be sued upon an obligation arising from any contract which it has entered into in connection with its business (sec. 11783, subd. (a), Ins. Code).

(3) *Mandamus* may not be invoked where there is a plain, speedy, and adequate remedy in the ordinary course of law (sec. 1086, Code Civ. Proc.; *Northrup* v. *Haynes,* 15 Cal. App. (2d) 665, 666 [59 Pac. (2d) 1056]).

Applying the foregoing rules to the facts of the instant case, it is apparent that petitioner could have filed an action in the proper court against respondent to recover any sum that may be due him, pursuant to the award of the Industrial Accident Commission and the contract of insurance issued by respondent. In such action any defense which respondent may have to petitioner's claim could be fully litigated and properly settled. Therefore, since petitioner had a plain, speedy, and adequate remedy at law by suing respondent in the proper court, which remedy was equally convenient, beneficial, and effective as a proceeding by *mandamus,* the later remedy is not available to him.

For the foregoing reasons the alternative writ heretofore issued is dismissed and the application for a peremptory writ of *mandamus* is denied.

Moore, P. J., and Wood, J., concurred.