[Civ. No. 27831.   Second Dist., Div. Four.   June 16, 1965.]

HAROLD EUGENE WENZLER, SR., Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE PASADENA JUDICIAL DISTRICT OF LOS ANGELES COUNTY et al., Defendants and Respondents.

Stanley Fleishman and Martha Goldin for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and William F. Stewart, Deputy County Counsel, for Defendants and Respondents.

FILES, P. J.—This proceeding in mandamus was begun by a petition filed in the superior court. That court made a minute order in these words: ''The petitioner's application for the issuance of an alternative writ of mandate is hereby denied.'' Petitioner[1] deems this to be a final order denying his petition and has therefore appealed therefrom under the authority of

---

[1] For convenience this opinion will refer to the parties by their traditional designations, ''petitioner'' and ''respondents'' as used in the record of the superior court, although for the purposes of the caption of this case in the appellate court they are called ''plaintiff'' and ''defendants'' respectively. (See Code Civ. Proc., § 1063.)

*Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 727 [160 P.2d 816].

The petition names as respondents "Municipal Court of the Pasadena Judicial District; Hon. Joseph A. Sprankle, Jr., Judge of the Municipal Court of Pasadena Judicial District, and the County of Los Angeles, State of California."

The facts hereinafter stated will be the facts alleged in the petition filed in the superior court. Petitioner was a defendant in a criminal prosecution brought in the Pasadena Municipal Court wherein he was charged with a violation of Ordinance number 3035 of the City of Pasadena. On April 25, 1961, petitioner was convicted and sentenced to 60 days' imprisonment, which sentence was suspended. Petitioner was placed on three years' probation on condition that he pay a fine of $1,000 plus $50 penalty assessment. On September 19, 1961, he paid the fine. On December 12, 1962, he filed a petition for writ of habeas corpus in the superior court. In that habeas corpus proceeding the court held that Ordinance 3035 was unconstitutional, that the criminal complaint filed thereunder had failed to allege the commission of a public offense, and, on January 18, 1963, ordered that the petitioner be "released and discharged re all proceedings" in the aforesaid criminal case.

On April 25, 1963, petitioner moved the municipal court "for an order for the return of all evidence introduced" in the criminal case and for a return of the fine and assessment. The evidence referred to includes a roll of motion picture film, a book and a number of magazines. On May 6, 1963, Judge Sprankle made the following order: "The Court denies the motion to return the evidence and refund the fine imposed."[2]

On May 15, 1963, petitioner, through his attorney, wrote to Mr. Roscoe Hollinger, the auditor-controller of the county, requesting repayment of the fine and assessment. On May 24, 1963, petitioner was notified that the county was denying this request.

The prayer of the petition in the superior court is that a writ of mandate issue "commanding the respondents to return to petitioner the sum of $1050.00 and commanding the respondents, the Honorable Joseph A. Sprankle, Jr. and the Municipal Court. . . ." to return the aforementioned exhibits.

---

[2]The petition contains some allegations as to what was said by the county counsel and the city prosecutor at the hearing on this motion. Such statements are immaterial here. It is not alleged that Judge Sprankle relied on the statements of counsel, or that he expressed any reason for his ruling.

The demand for relief against Judge Sprankle and the municipal court may be disposed of very simply. The writ of mandamus may be issued "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; . . ." (Code Civ. Proc., § 1085.) The petition fails to allege any facts from which it could be determined that either Judge Sprankle or the municipal court was at that time under any duty to hand over to petitioner either the money or the exhibits which he seeks.

With respect to the money, Penal Code section 1463 requires that all fines and forfeitures "shall, as soon as practicable after the receipt thereof, be deposited with the county treasurer. . . ." In the absence of any allegation to the contrary it must be assumed that this provision of law was obeyed. (Code Civ. Proc., § 1963, subd. 33.) ▮ Neither Judge Sprankle nor the municipal court had any jurisdiction to withdraw this money from the county treasury. (*Draper* v. *Grant,* 91 Cal.App.2d 566 [205 P.2d 399]; *Paton* v. *Teeter,* 37 Cal.App.2d 477 [99 P.2d 699].)

▮ The law with respect to the disposal of exhibits in criminal cases is set forth in Penal Code section 1418. The municipal court has no duty to make an order releasing exhibits to petitioner unless (1) the exhibits are still in the custody of the court and (2) petitioner is the owner or otherwise entitled to possession of the exhibits. The statute authorizes the sale or destruction of exhibits under certain circumstances after termination of one year after the conviction has become final. The petition contains no allegation that any of the exhibits in question remained in the custody of the court when the motion for release was made more than two years after the date of the conviction. Moreover, although petitioner alleges in his petition for mandamus that he is the owner of the exhibits, he does not allege that his ownership was proved when the motion for release of exhibits was heard before Judge Sprankle on April 25, 1963. For all we know, someone else may have appeared at the April 25, 1963, hearing and supplied evidence upon which the court could have found that petitioner was not the owner or the person entitled to possession of those exhibits. Thus the petition for mandamus falls short of alleging facts essential to establish the existence of a duty to release the exhibits to him.

Petitioner's demand for a writ of mandamus against the county, as such, requires consideration of the nature of the proceeding. ▮ The judicial remedy of mandamus is not

a civil action, but a special proceeding of a civil nature, which is available for specified purposes and for which the code provides a separate procedure. (Code Civ. Proc., §§ 21, 1084-1097; see Meyer, *Peculiarities and Pitfalls of Mandate* (1961) 36 Los Angeles Bar Bulletin 223.) The purpose of the writ of mandate is set forth in section 1085 of the Code of Civil Procedure:

"It may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

■ Typically where mandamus is sought to control the affairs of a public entity, the proceeding is brought against the board or officer whose duty it is to act. Where it appears that the officer named as respondent is not the one whose duty is involved, relief is denied. (*Peck* v. *Board of Supervisors,* 90 Cal. 384 [27 P. 301]; *Valley Motor Lines, Inc.* v. *Riley,* 22 Cal.App.2d 233 [70 P.2d 672]; *Bandini Estate Co.* v. *Payne,* 10 Cal.App.2d 623, 625 [52 P.2d 959]; *Brown* v. *Superior Court,* 70 Cal.App. 732, 736 [234 P. 409].)

■ As a general proposition, mandamus is not an appropriate remedy for enforcing a contractual obligation against a public entity for at least two reasons. The first is that contracts are ordinarily enforceable by civil actions, and the writ of mandamus is not available unless the remedy by civil action is inadequate. (Code Civ. Proc., § 1086; *McPherson* v. *City of Los Angeles,* 8 Cal.2d 748 [68 P.2d 707].) The other is that the duty which the writ of mandamus enforces is not the contractual duty of the entity, but the official duty of the respondent officer or board. Thus in *Black* v. *City of Santa Monica,* 13 Cal.App.2d 4, at page 6 [56 P.2d 256] the court said: "Furthermore, the law imposes upon municipal corporations and their officers no special duty to carry out the terms of contracts or to refrain from breaches of contractual relations. They are not singled out, as distinguished from other corporate entities or other individuals, as especially enjoined to observe contractual obligations; and as stated in *Perrin* v. *Honeycutt,* 144 Cal. 87 [77 P. 776], 'when [the writ of mandate] is applied for, there must be a clear case to "compel the performance of an act which the law specially enjoins

as a duty resulting from an office, trust or station'' ''. In our opinion disputes arising out of such a contract with a municipal corporation are to be litigated in the usual and ordinary forms of legal actions rather than by calling upon the extraordinary remedy of *mandamus*.''

For the same reasons mandamus is generally said not to be an appropriate remedy for recovering money. (*Kings County* v. *Johnson*, 104 Cal. 198, 201 [37 P. 870] ; *Coombs* v. *Smith*, 17 Cal.App.2d 454 [62 P.2d 380] ; *Northrup* v. *Haynes*, 15 Cal.App.2d 665 [59 P.2d 1056].)

Other cases, recognizing the rule that mandamus is not the equivalent of a civil action for money, have permitted the use of this extraordinary writ in a proceeding against a board or officer where the effect is to enforce payment of a claim. In *Tevis* v. *City & County of San Francisco*, 43 Cal.2d 190, 198 [272 P.2d 757], the court said: ''In proceedings involving claims for wages by municipal employees or by parties to a contract with a municipality, it is generally held that an ordinary action at law for damages is adequate, and a writ of mandate will be denied. (*Black* v. *City of Santa Monica*, 13 Cal.App.2d 4, 6 [56 P.2d 256] ; *Coombs* v. *Smith*, 17 Cal. App.2d 454, 455 [62 P.2d 380] ; *Northrup* v. *Haynes*, 15 Cal. App.2d 665, 666 [59 P.2d 1056].) As this court has pointed out, '[i]t is settled that mandamus does not lie when there is no cause of action for reinstatement to a position, but merely a claim for damages for breach of contract.' (*Elevator Operators etc. Union* v. *Newman*, 30 Cal.2d 799, 808 [186 P.2d 1].)

''In a few situations involving claims by state or municipal employees for wages the general rule has been relaxed. For the most part, these cases concern disputes as to the proper construction of a statute or ordinance defining or giving rise to the exercise of official duty, and, although recognizing that the ultimate effect of a decision may be to adjudicate a money claim, they emphasize the necessity of official cooperation and the ministerial nature of the official acts involved.''

If the petitioner in the present proceeding is entitled to any judicial relief against the county, his claim is for money which was paid into the county treasury under a mistake of some kind. To establish his claim it is not necessary for the court to define the official duties of any office, trust or station. Recovery would require a showing that petitioner paid money under circumstances which gave rise to a quasi-contractual duty on the part of the county to repay it. Petitioner has not suggested any reason why a civil action is not

adequate for this purpose. Under the authorities cited above, the extraordinary proceeding by mandamus is not available. The superior court was justified in refusing to issue an alternative writ.

The order is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1965.