Filed 11/12/15  Marriage of Reyes CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re Marriage of FELICE P. and DAVID K. REYES. | B254046<br><br>(Los Angeles County<br>Super. Ct. No. BD451696) |
| FELICE P. REYES,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>      Respondent;<br><br>DAVID K. REYES,<br><br>      Real Party in Interest. | |
| FELICE P. REYES,<br><br>      Appellant,<br><br>      v.<br><br>DAVID K. REYES,<br><br>      Respondent. | B254253<br><br>(Los Angeles County<br>Super. Ct. No. BD451696) |

| | |
|---|---|
| DAVID K. REYES,<br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>FELICE P. REYES,<br><br>    Real Party in Interest. | B255133<br><br>(Los Angeles County<br>Super. Ct. No. BD451696) |
| DAVID K. REYES,<br><br>    Appellant,<br><br>    v.<br><br>FELICE P. REYES,<br><br>    Respondent. | B255276<br><br>(Los Angeles County<br>Super. Ct. No. BD451696) |

ORIGINAL PROCEEDING, petition for writ of mandate.  Daniel J. Buckley and David S. Cunningham III, Judges.  Petition denied.

APPEAL from an order of the Superior Court of Los Angeles County.  David. S. Cunningham III, Judge.  Affirmed.

ORIGINAL PROCEEDING, petition for writ of mandate.  David S. Cunningham, Judge.  Petition denied.

APPEAL from an order of the Superior Court of Los Angeles County.  David S. Cunningham III, Judge.  Dismissed.

Law Offices of Vicki J. Greene and Vicki J. Greene for Appellant and Petitioner Felice P. Reyes.

Wasser, Cooperman & Carter, Dennis M. Wasser, Phyllis J. Bersch; Greines, Martin, Stein & Richland, Robert A. Olson, Marc J. Poster and Jeffrey E. Raskin for Appellant and Petitioner David K. Reyes.

———————————

## SUMMARY

This case arises from a dispute between Felice Reyes and David Reyes following the dissolution of their marriage in 2010, and Felice's request to modify spousal support in 2013.[1] After stipulating to have the court appoint a retired judge to act as a temporary judge in 2009, the parties settled their dissolution action in 2010, documenting the settlement in a judgment of dissolution and a simultaneously executed further judgment on reserved issues. By agreement of the parties, and with approval of the temporary judge, only the judgment of dissolution was filed with the clerk of the court in 2010; the further judgment, fully executed by the parties and the temporary judge, was held for filing pending any future dispute as to compliance with its executory terms. When Felice sought to modify spousal support in 2013, David filed the further judgment with the clerk of the court. Felice disputes the validity of the entry of the further judgment. She also challenges the decision by the trial court to reappoint the temporary judge pursuant to the terms of the further judgment, over her objection and peremptory challenge, and to refer the postjudgment disputes to him. David challenges an order of the court below that he believes invades the jurisdiction of the temporary judge and undermines his claim that the further judgment terminates any court's jurisdiction to take up the issue of modification of spousal support. Each party has filed an appeal and a writ for petition of mandate arising out these events, and we have consolidated the four cases for disposition.

_____

[1]     As is typical in family law matters, we refer to the parties by their first names for clarity. We also avoid use of the terms petitioner, respondent, and appellant because of the multitude of cases before us where those terms are used in various contexts to refer to both Felice and David.

For the reasons set forth below, we affirm the ruling of the trial court that it was proper to enter the further judgment in 2013 and that the judgment not be set aside; we affirm the trial court's rulings appointing the temporary judge and denying Felice's peremptory challenge to the temporary judge; and we decline to rule on the impact that the entry of the further judgment may have on other issues, as those issues have not yet been addressed by the properly appointed temporary judge (or indeed any trial court).

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A.  The Marital Dissolution Proceedings

David and Felice Reyes were married on March 21, 1986.  David filed a petition for dissolution of marriage in the Los Angeles County Superior Court on August 24, 2006.

### 1.  The Appointment of a Temporary Judge

Based on a stipulation signed by the parties and their counsel, on November 20, 2009, the supervising judge of the Los Angeles County Superior Court appointed Judge Thomas R. Murphy, a retired judge of the Superior Court, to act as a temporary judge in the case pursuant to California Constitution, article VI, section 21 and California Rules of Court, rule 2.831.  The signed stipulation and order stated that the case "shall be assigned, for all purposes" to Judge Murphy and provided that he "shall have and exercise all powers and duties of a Los Angeles County Superior Court Judge."  The Approval and Order Designating Judge included in the stipulation and order, and signed by the supervising Judge, stated that Judge Murphy was "empowered to make all orders necessary and proper to bring the case to judgment."  In seeking and obtaining the appointment of Judge Murphy, the parties stated in the stipulation and order that "[e]ach of the parties waives any right now or hereafter to challenge the Temporary Judge pursuant to *Code of Civil Procedure* §170.6, or to withdraw the stipulation to the Judge as Temporary Judge except for good cause pursuant to *Code of Civil Procedure* §170.1."  The stipulation and order further provided  that "[t]he Temporary Judge's appointment as Temporary Judge shall expire on or before December 31, 2010."

4

### 2. The Settlement, Judgment of Dissolution, and Further Judgment

On June 8, 2010, the parties reached a settlement of the case. In a hearing before Judge Murphy, and in response to questions from counsel and the judge, both Felice and David stated on the record that they understood the terms of their agreement, they were settling "all issues that exist" between them, all their questions about the settlement had been answered, and they were entering the settlement freely and voluntarily. Judge Murphy then stated on the record that "[w]e have settled your divorce, provided for the division of property, payment of debts, payment of support and, in essence, we have resolved all of the financial differences that exist between the two of you."

The parties subsequently signed two documents, referred to as the judgment of dissolution of marriage (hereinafter, the Judgment or Judgment of Dissolution) and the further judgment as to reserved issues (Further Judgment). Felice signed both documents on August 26, 2010; David signed both documents on August 31, 2010. Each party's counsel also signed the Judgment and the Further Judgment (the latter as to form). On September 15, 2010, Judge Murphy simultaneously signed both the Judgment and the Further Judgment.[2]

On September 24, 2010, the clerk of the court entered the Judgment. The fully executed Judgment filed by the clerk is a four-page document comprised of a two-page standard form, the FL-180 mandatory judgment form, and a two-page attachment titled "Judgment of Dissolution of Marriage." The attachment states, "The Court finds that the parties and their respective counsel acknowledge that they have concurrently executed a Judgment on Reserved Issues (hereinafter "Further Judgment") effective the date last signed by the parties and their attorneys, which contains the executory provisions of the agreement." The Judgment also states that the Further Judgment is not to be filed with the court unless a party later finds it is "reasonably necessary to obtain compliance with

---

[2] Contemporaneously with signing the Judgment and Further Judgment, the parties and their attorneys also signed a standard form for appearance, stipulations, and waivers.

any provision of said Further Judgment or to enforce any executory term contained therein." The Judgment also sets forth a set of detailed steps that a party must take before actually filing the Further Judgment, which steps include providing written notice to the other party of any alleged breach of the Further Judgment, providing an opportunity for that party to cure any breach, seeking an order of court to file the Further Judgment under seal, and then filing such judgment in the most confidential manner possible if sealing is not ordered by the court.

The Further Judgment signed by the parties and Judge Murphy simultaneously with the Judgment is comprised of a two-page FL-180 mandatory judgment form and a 54-page attachment. The FL-180 cover sheets indicate that the document is a "Judgment on reserved issues" and that the 54-page "written stipulation for Further judgment between the parties is attached." The Further Judgment includes detailed provisions regarding the division of property between Felice and David, a schedule for equalization payments totaling $19.5 million to be paid by David to Felice over several years, the payment of spousal support from David to Felice, and the transfer of a 99 percent interest in a family residence to Felice, among other provisions. Specifically with respect to spousal support, the Further Judgment provides that it "shall be non-modifiable" "for any reason whatsoever as to amount or duration" and the Court "shall have no jurisdiction" to modify the amount or to extend the time period for Felice to receive support. Pursuant to the terms set forth in the Judgment, the Further Judgment was not filed at that time of filing of the Judgment, but rather held by the parties for filing at a later date.

Paragraph 19.3 of the Further Judgment expressly provides that Felice and David "stipulate and agree that it is their mutual intent and desire that, to the extent possible, all post-judgment proceedings relating to the parties' marital dissolution or the Judgment and/or Further Judgment executed and entered in connection therewith, including, but not limited to the reserved issues, shall be heard and determined by Judge Murphy." The Further Judgment also includes mandatory terms to effectuate their mutual intent, including that, "The parties further stipulate and agree that, as to any such dispute or

6

issue, they shall enter into a new Stipulation and Order, approved in form and content by the parties and approved as to form only by counsel for the parties, and which shall be submitted to the Los Angeles Superior Court for an order thereon, which appoints Judge Murphy as Judge Pro Tem, so that Judge Murphy may adjudicate and determine any disputes between the parties."

### 3. The Extension and Subsequent Expiration of Judge Murphy's Term

Based on a stipulation of the parties, on December 10, 2010, the supervising judge signed and filed a stipulation and order extending the term of Judge Murphy through December 31, 2011. In the "Whereas" clauses explaining the reason for the extension of Judge Murphy's term, the parties stated that Felice had hired new counsel to assess "various factual and legal issues that may result in the filing of post-trial motions relating to the Further Judgment."

### B. The 2013-2014 Litigation

### 1. The Hearing on July 31, 2013 Arising From Felice's Request to Modify Spousal Support

On June 10, 2013, Felice filed a request for order (RFO) in Department 22 of the Los Angeles County Superior Court seeking to modify the spousal support amounts set forth in the Further Judgment. In her RFO, Felice contended that the only judgment in the case was the Judgment of Dissolution, and that the Further Judgment was "not a judgment at all" because it had never been filed with the court. As such, Felice referred to the Further Judgment as the parties' "marital settlement agreement ('MSA')." Felice requested in her RFO that the court proceed in two steps. Felice noted that the parties disputed whether the court had jurisdiction at all to modify the support provisions of the Further Judgment/MSA and suggested the court "first resolve this pivotal jurisdictional issue." As a second step, Felice suggested the court address the merits of her request for modification of spousal support.

On July 3, 2013, David filed his own RFO seeking to "[f]ile parties' Further Judgment under seal or in the most confidential manner possible," pursuant to the express terms required in the Judgment.

The two RFO's came on for hearing in Department 22 before Judge Cunningham on July 31, 2013. With respect to David's RFO, the minute order issued after the hearing indicates that the court "denied[d] the request for the Further Judgment to be filed under Seal." With respect to Felice's RFO, the minute order states: "The Court finds the Marital Settlement Agreement should have been entered as a judgment. Since it was not the Court still has jurisdiction." The court's minute order also set an evidentiary hearing "regarding the enforcement of the terms of the Marital Settlement Agreement entitled 'Further Judgment' on March 5, 2014." The minute order indicated that Felice was to file an order after hearing.[3]

During their argument before Judge Cunningham, the parties disputed whether the Further Judgment could be filed directly with the clerk of the court. Felice's counsel argued that such a filing would be improper, as the Further Judgment was "signed by a referee, who no longer has authority to give that document any effect." David's counsel argued that filing the Further Judgment was specifically provided for in the September 24, 2010 Judgment and that the Further Judgment was "no different than any other judgment that lawyers and parties sign and . . . ship it down to the judgment clerk." Without ruling on the matter, Judge Cunningham commented that he did not believe the court could stop the filing.

**2.      The Filing of the Further Judgment with the Clerk of the Court**

In August 2013, David submitted the Further Judgment to the clerk of the court. The clerk filed the Further Judgment and issued a notice of entry of judgment on reserved issues on September 10, 2013.

---

[3]      As discussed below, the order after hearing was not signed and entered by the court until January 24, 2014.

### 3. David's Motion in Department 1 to Appoint Judge Murphy

On September 27, 2013, David filed a motion to enforce the Further Judgment and appoint Judge Thomas R. Murphy as temporary judge/judge pro tempore before the supervising judge, Judge Buckley, in Department 1.[4] David's motion sought to have Judge Murphy appointed judge pro tempore and the case assigned to Judge Murphy pursuant to the parties' stipulation in paragraph 19.3 of the Further Judgment. Felice filed her own motion opposing the transfer of the case from Judge Cunningham to Judge Murphy. Both motions came on for hearing on October 17, 2013. In a written ordered issued the next day, Judge Buckley stated, "[t]he terms of the Further Judgment undisputedly include the continued appointment of Judge Murphy as the judge pro tempore." Nevertheless, the supervising judge denied both motions, without prejudice, because Judge Cunningham had reserved jurisdiction to decide the predicate issue of the enforceability of the Further Judgment.

### 4. The Hearing on December 6, 2013 Arising From Felice's Motion to Set Aside the Further Judgment and David's Motion to Enforce Its Terms

On October 30, 2013, Felice filed an RFO in Department 22 seeking to set aside the Further Judgment as void, arguing that the court had authority under both Code of Civil Procedure section 473, subdivision (d) and its inherent power to set aside the Further Judgment, because it was entered when Judge Murphy no longer had jurisdiction and by a clerk improperly exercising judicial powers. David also filed an RFO in Department 22 seeking to enforce the terms of paragraph 19.3 of the Further Judgment, and to enjoin Felice to sign a stipulation and order for appointment that would refer the case to Judge Murphy, or alternatively, to order the clerk of the court to sign for Felice if

---

[4] California Rules of Court, rule 2.831(b) provides that an "order designating the temporary judge must be signed by the presiding judge or the presiding judge's designee", in this case the judge in Department 1.

9

she refused. Both motions were heard by Judge Cunningham on December 6, 2013.[5] After argument, the court issued a minute order denying Felice's RFO to set aside and void further judgment and granting David's RFO to sign the stipulation to appoint a judge pro tem. The court also signed and filed an order directing the clerk of the court to execute a stipulation and order for appointment of temporary judge on Felice's behalf.

### 5. The Supervising Judge's Appointment of Judge Murphy and Felice's Peremptory Challenge to the Appointment

On December 10, 2013, the clerk of the court signed, as elisor for Felice, the stipulation to appoint a judge pro tem, as ordered by Judge Cunningham. After receipt of the signed stipulation, Judge Buckley, the supervising judge in Department 1, formally appointed Judge Murphy on January 9, 2014 as temporary judge with a term expiring on December 31, 2014.

On January 13, 2014, Felice filed a peremptory challenge to Judge Murphy under Code of Civil Procedure section 170.6, which David opposed.

On January 22, 2014, Judge Buckley issued a minute order denying Felice's Code of Civil Procedure section 170.6 challenge on two grounds: (1) that temporary judges stipulated to by the parties are not covered by Code of Civil Procedure section 170.6 and therefore not subject to peremptory challenge; and (2) that no peremptory challenge may be brought against a trial judge presiding over posttrial proceedings that are a continuation of the original proceedings.

### 6. The January 24, 2014 Hearing Before Judge Cunningham

As of January 24, 2014, the order after hearing that Judge Cunningham had asked be prepared respecting his rulings on July 31, 2013 had still not been finalized, because the parties had presented competing orders regarding the July 2013 rulings. The parties

---

[5] David's RFO seeking the appointment of Judge Murphy originally came on for hearing on November 14, 2014. Although the parties engaged in a lengthy discussion of issues relating to the RFO on that date, Judge Cunningham made no ruling on the RFO,

appeared before Judge Cunningham to finalize an order after hearing. At the January 24, 2014 hearing, the court discussed the terms of the order, made interlineations on a draft order that had been submitted by Felice, and issued an Order After Hearing–July 31, 2013. The order recited that David's motion to seal is "denied." More significantly to the issues presented here, the Order After Hearing–July31, 2013 stated: "The Court finds the 2010 Further Judgment on Reserved Issues was not entered as a judgment until September 10, 2013, [citations], [Felice] to be first in time-first in right, [citations ], and that it has jurisdiction over the issue of spousal suport for [Felice]. [citations ] The hearing on [Felice's] RFO is continued until 1:30 p.m. on March 5, 2014 in Department 22."

### C. The Matters Pending Before this Appellate Court

#### 1. Felice's Petition for Writ of Mandate

On January 31, 2014, Felice filed a petition for writ of mandate seeking to vacate the January 22, 2014 order issued by Judge Buckley in Department 1 denying Felice's peremptory challenge to Judge Murphy pursuant to Code of Civil Procedure section 170.6. Alternatively, Felice seeks a writ of mandate directing the court to vacate the order of Judge Cunningham in Department 22 that ordered the clerk of the court to execute the stipulation and order for the appointment of Judge Murphy, and enter a new order denying David's RFO seeking the clerk's signature.

#### 2. Felice's Appeal

On February 4, 2014, Felice filed a timely notice of appeal from Judge Cunningham's December 6, 2013 minute order denying her RFO to set aside and void the further judgment.

---

but continued the hearing until December 6, 2014 so that it would be heard on the same date as Felice's RFO to set aside the Further Judgment.

11

### 3.  David's Appeal and Petition for Writ of Mandate

On March 18, 2014, David filed a notice of appeal, and on March 25, 2014, David filed a petition for writ of mandate.  The appeal and writ, as David concedes, are essentially duplicative, as they represent two different procedural avenues to challenge Judge Cunningham's January 24, 2014 Order After Hearing–July 31, 2013.  The petition for writ of mandate seeks to set aside and vacate the January 24, 2014 order finding that the court had continuing jurisdiction to modify spousal support, and seeks to enter a new order holding that the Further Judgment is final and that its terms terminate jurisdiction with respect to, and foreclose Felice's request for, a modification of spousal support.  Alternatively, David seeks an alternative writ of mandate directing the respondent court to show cause why it has not vacated the January 24, 2014 order and entered a new order holding that the Further Judgment is final and forecloses Felice's request for spousal support.  The appeal also seeks to vacate that same order.

### DISCUSSION

### A.  Felice's Appeal

### 1.  Standard of Review

The determinations of trial courts as to whether judgments are void, under Code of Civil Procedure section 473, subdivision (d) or the court's inherent power, because of lack of subject matter jurisdiction "are questions of law, which are reviewed de novo. [Citations.]" (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779–780.)  Further, given that any material facts we recite below with respect to the entry of the Further Judgment are not in dispute, "[t]he proper interpretation of a statute and application of the statute to undisputed facts are questions of law," also subject to de novo review.  (*Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1149.)

### 2. The court correctly denied Felice's Motion to Set Aside the Further Judgment

Felice argues in her appeal that Judge Cunningham erred in denying her motion to set aside the Further Judgment because it was filed with the clerk after the expiration of Judge Murphy's term and, as such, Judge Murphy had no authority to order the clerk to enter it. Stating her argument another way, Felice contends that the clerk acted beyond its limited, ministerial authority when the clerk accepted the filing of the Further Judgment on September 10, 2013, after Judge Murphy's term had expired.

Whether Felice can prevail on her challenge here, as both she and David recognize, is rooted in the distinction between the rendition of judgment and the entry of judgment. This distinction is critical because, as the Supreme Court has explained, "[i]t is unquestionably true that when a judgment has been rendered [by the court] the subsequent act of the clerk in entering it is only ministerial, and may be done by him [the clerk], even after the expiration of the term of office of the judge by whom the judgment was rendered." (*Broder v. Conklin* (1893) 98 Cal. 360, 364.) "The judgment is the judicial act of the court; its entry in the judgment-book, which affords the highest record evidence of its existence, is but the ministerial act of the clerk." (*Brown v. Superior Court* (1925) 70 Cal.App. 732, 735.)

In reviewing this record, Judge Cunningham rejected Felice's arguments and ruled that the entry of the Further Judgment was a ministerial act properly carried out by the clerk of the court, stating, "I am ready to make my ruling. I really do think that the entry was ministerial. And once that gets entered, then you are into the question of the judgment is the judgment." We agree.

To determine whether a court has rendered judgment, one looks to whether the court has considered the matter and pronounced a final determination of the rights of the parties. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., §577.) "'"The rendition of judgment is a judicial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is

13

ordered and considered."'"" (*Azadian v. Superior Court* (1928) 88 Cal.App. 296, 298.) Accordingly, a court renders judgment where its order "is in its nature and essence that of a final judgment," "finally and entirely disposes of the whole case," "clearly shows that the court had determined the rights of the parties to the proceeding," and "completely disposes of the proceeding in which it was made, so far as the court which made it is concerned." (*Brown v. Superior Court*, *supra*, 70 Cal.App. at p. 736.) For a judgment to have been rendered, also "there must be something of record, as, for example, the minutes of the court, or the conclusions of law stated in the findings, by which the clerk can be guided in his ministerial duties, and from which the actual judgment of the court can be ascertained, and by which it can also be determined whether the clerk while acting in a ministerial capacity has correctly entered such judgment." (*Broder v. Conklin*, *supra*, 98 Cal. at p. 364; see *Brown v. Superior Court*, *supra*, 70 Cal.App. at p. 735 [a judgment is rendered even absent the signature of the judge, "for here the judgment as pronounced by the court and as spread upon its minutes was in itself a sufficient guide to the clerk to enable that officer to perform his ministerial duty"])

The record here is clear that the parties presented, and Judge Murphy considered and signed, a "final determination of the rights of the parties" that in name, form, and substance was intended to be, and did, constitute a judgment on all issues within the meaning of Code of Civil Procedure section 577. While Felice uses the rhetoric of calling the Further Judgment a "marital settlement agreement," her terminology is belied by the form and content of the document. At the time it was executed, the parties not only referred to their resolution of all reserved issues as a "Further Judgment," but they prepared, submitted, and signed a document in the form of a judgment. The Further Judgment was prepared with a completed FL-180 form specifically used in family law matters as a judgment. On the FL-180 cover pages, the parties and the court state that it is a "Judgment on reserved issues." The form references and incorporates the parties' 54-page signed "Further Judgment" document. The Further Judgment specifically provides, right above the signatures of the parties, "I HAVE READ AND HAD EXPLAINED TO

14

ME AND UNDERSTAND THE TERMS OF THIS FURTHER JUDGMENT.  I CONSENT TO ITS ENTRY AND AGREE TO BE BOUND BY IT.**"**  Moreover, the FL-180 form and the attached Further Judgment provide for the signature of Judge Murphy as the judicial officer, following the statement, "IT IS SO ORDERED."  Judge Murphy signed the Further Judgment on September 15, 2010, during the time Felice concedes Judge Murphy was acting within his appointed term.  Given the form and content of the Further Judgment, once signed by Judge Murphy there was nothing more to be done before the clerk could carry out the ministerial act of filing.

The Judgment of Dissolution of marriage that was signed by Judge Murphy and filed with clerk on September 15, 2010 provides further support for the conclusion that the Further Judgment was rendered.  The filed Judgment of Dissolution expressly states that the Further Judgment had been "concurrently executed" and that it was "effective on the date last signed by the parties and their attorneys."  Consistent with the form and content of the Further Judgment, the Judgment of Dissolution made clear that only the ministerial act of filing that Further Judgment with the clerk remained, leaving no ambiguity that Judge Murphy had completed his judicial functions and rendered judgment.  Specifically, the Judgment of Dissolution provides:  "Said Further Judgment has been executed in duplicate and either party may, subject to the notice provisions hereof, file said Further Judgment at any time that such party believes the filing of same is reasonably necessary to obtain compliance with any provision of said Further Judgment or to enforce any executory term contained therein."  Subject to complying with any confidentiality directives relating to sealing, the Judgment of Dissolution reiterates, "the Court orders that either party may file the Further Judgment executed concurrently herewith."

Felice contends that Judge Murphy did not render a decision because he did not "enter a decision in the minutes," but in doing so she wholly ignores that the filed Judgment of Dissolution itself is a sufficiently clear "record . . . from which the actual judgment of the court can be ascertained, and by which it can also be determined whether

15

the clerk while acting in a ministerial capacity has correctly entered such judgment." (*Broder v. Conklin*, *supra*, 98 Cal. at p. 364.) After this rendering by Judge Murphy, within the term of his appointment, "[n]othing whatever remained to be done except to enter the judgment in the judgment-book. But that was a ministerial duty of the clerk, and no further judicial action was left for the court." (*Brown v. Superior Court*, *supra*, 70 Cal.App. at p. 736.)[6]

Felice raises a series of concerns arising from the fact that Judge Murphy accepted the parties' division of their judgment paperwork into the Judgment of Dissolution, which was filed in 2010, and the Further Judgment, which was discussed in the Judgment of Dissolution but given to the parties to be later-filed in the event of a dispute. None of these concerns, however, call into question that Judge Murphy rendered judgment during his term and that the clerk was authorized to take the ministerial action of filing that Further Judgment in 2013. First, "[i]t is settled that a document may be incorporated either expressly or by apt reference into a judgment or decree so as to make it an operative part of the order of the court." (*Flynn v. Flynn* (1954) 42 Cal.2d 55, 59.) In *Flynn*, a dissolution action, the final judgment incorporated by reference a separation agreement executed by the parties the prior year, which had been marked as an exhibit, but not included in the filed judgment. The court rejected the wife's contention that the

---

[6]     Because this case involves a stipulated judgment, not a judgment given after a bench trial, Judge Murphy had no obligation to make and file with the clerk findings of fact and conclusions of law before rendering judgment. (See *Robinson v. Robinson* (1962) 208 Cal.App.2d 213, 217.) Accordingly, cases finding that no judgment was rendered because findings of fact and conclusions of law had not yet been filed are inapposite. (See, e.g., *Connolly v. Ashworth* (1893) 98 Cal. 205, *Martello v. Superior Court* (1927) 202 Cal. 400, *Broder v. Conklin*, *supra*, 98 Cal. at pp. 362–363.) Much to the same effect is the court's decision in *Phillips v. Phillips* (1953) 41 Cal.2d 869. There, the court held that even though the trial court had filed a memorandum that met the requirements for rendition of judgment, the fact that the court had heard evidence at trial and had the right to change its findings of fact and conclusions of law anytime before judgment was entered by the clerk meant that there was no enforceable judgment until the clerk acted.

incorporated agreement could not be considered part of the court's enforceable decree simply because it was not "part of the permanent records of the court." (*Id*. at pp. 58–59.) The Court noted that such considerations might require attaching the agreement to the judgment decree, but in any event would not result in the court refraining from carrying out the clearly stated intent. Similarly, the Judgment of Dissolution here provided that the Further Judgment had been executed, contained the executory provisions, and that those provisions could be filed in order to obtain enforcement and compliance by either party. If there was any defect in the form of these filings, the remedy would be to require that the Further Judgment be filed (as it has now been), not to refuse to enforce the provisions of that Further Judgment.

Felice also attacks the validity of the Further Judgment by claiming that the procedure for delayed filing of the Further Judgment was in violation of various rules of court, including California Rules of Court, rules 2.400 and 2.833, and Los Angeles Superior Court Local Rules, rule 2.24(i), (j). While Felice correctly points out that, as a temporary Judge, Judge Murphy had to comply with the same court rules as any superior court judge, (Cal. Rules of Court, rule 2.833; see *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691), Felice identifies no rule expressly prohibiting the filing process for the Judgment of Dissolution and the Further Judgment employed here. In particular, none of the cited rules provide a specific time frame, with jurisdictional consequences, imposed upon a court for the filing of a stipulated judgment.

Finally, Felice equates the process here, which included the immediate filing of a Judgment of Dissolution and a later filing of a Further Judgment by a party only when necessary to obtain compliance with its provisions and executory terms, to an unauthorized sealing order. While the procedure employed here, like the procedure used in *Flynn v. Flynn*, *supra*, 42 Cal.2d at pages 58–59, did have the effect of keeping the executory terms of the judgment out of the clerk's files for some period, Judge Murphy did not make a sealing order. Rather, by the express terms of the Judgment of Dissolution filed with the clerk in 2010, Judge Murphy deferred on the issue of filing under seal and,

17

consistent with the prohibitions on pro tem judges considering such sealing motions, the issue of sealing was properly brought before Judge Cunningham in Department 22. (Cal.Rules of Court, rule 2.835 [motions to seal records in cases before temporary judges are to be heard by the trial court judge to whom the case is assigned, or by the presiding judge or his or her designee].) Moreover, even assuming this procedure could be characterized as an improper sealing, there is no reason that the remedy for the improper procedure would be to ignore the effect of the Further Judgment, rather than to deny sealing of the Further Judgment, as Judge Cunningham did.[7]

We have considered Felice's remaining contentions regarding the entry of judgment and deem them to be without merit. We affirm the trial court's denial of the motion to set aside the Further Judgment.

### B. Felice's Petition for Writ of Mandate

Felice's petition for writ of mandate seeks to prevent referral of her postjudgment claims back to Judge Murphy, claiming error on two grounds. First, Felice challenges the appointment of Judge Murphy under California Rules of Court, rule 2.831, arguing that Judge Cunningham erred in ordering the clerk of court to sign, on Felice's behalf, a stipulation and order that resulted in the appointment of Judge Murphy. She seeks both a writ vacating that order and our order directing the trial court to deny David's RFO seeking the clerk's signature. Second, Felice seeks to vacate the January 22, 2014 order

---

[7] The court's ruling in *In re Marriage of Burkle* (2006) 135 Cal.App.4th 1045, 1070 ("*Burkle*"), finding that Family Code section 2024.6 "is unconstitutional on its face as an undue burden on the First Amendment right of public access to court records," is not instructive here. Although the *Burkle* court emphasized that "[t]he First Amendment provides a right of access to court records in divorce proceedings, just as in other ordinary civil cases," (*id*.), the court left open the possibility that other, narrowly tailored approaches to protecting the privacy of financial information of divorcing parties may be constitutionally permissible. Moreover, nothing in *Burkle* can be read to suggest that the remedy for impermissibly sealing records is anything but to allow access to those records.

18

issued by Judge Buckley in Department 1 denying Felice's Code of Civil Procedure section 170.6 peremptory challenge to Judge Murphy.

### 1. The Appointment of Judge Murphy

#### a. Standard of Review

The review of the trial court's order of December 6, 2013 for the stipulation and order in connection with the reappointment of Judge Murphy is reviewed for abuse of discretion. (*Pomona Valley Hospital Medical Center v. Superior Court* (2012) 209 Cal.App.4th 687, 692.)

#### b. The courts did not abuse their discretion in ordering the appointment of Judge Murphy

Felice contends that the 2014 appointment of Judge Murphy violated California Rules of Court, rule 2.831, which provides: "the stipulation of the parties that a case may be tried by a temporary judge must be in writing" and "[t]he stipulation must be submitted for approval to the presiding judge or the judge designated by the presiding judge." Felice argues there was no such written stipulation here, given that she refused to sign the stipulation and order sought by David. She further contends Judge Cunningham erred in ordering the clerk of the court to sign the stipulation and order for her and that the clerk's signature cannot substitute for her own. Felice seeks a writ of mandate directing the court to vacate Judge Cunningham's December 6, 2013 order instructing the clerk of the court to sign, as elisor, and our order directing the trial court to enter a new order denying David's RFO seeking the clerk of court's signature.

The focus on the signature of the clerk of the court is a distraction from the real issue: whether there was a stipulation sufficient for appointment of Judge Murphy pursuant to California Rules of Court, rule 2.831. Regardless of the clerk's signature, Felice had already stipulated in writing that the matter would be tried before Judge Murphy: Paragraph 19.3 of the Further Judgment expressly provides that Felice and David "stipulate and agree that it is their mutual intent and desire that, to the extent possible, all post-judgment proceedings relating to the parties' marital dissolution or the

19

Judgment and/or Further Judgment executed and entered in connection therewith, including, but not limited to the reserved issues, shall be heard and determined by Judge Murphy." The Further Judgment also includes mandatory terms to effectuate their mutual intent, including that, "The parties further stipulate and agree that, as to any such dispute or issue, they shall enter into a new Stipulation and Order, approved in form and content by the parties and approved as to form only by counsel for the parties, and which shall be submitted to the Los Angeles Superior Court for an order thereon, which appoints Judge Murphy as Judge Pro Tem, so that Judge Murphy may adjudicate and determine any disputes between the parties." Judge Cunningham specifically noted on the record that he was "inclined to enforce 19.3," that it was "not equivocal," and that he intended to draft his order to implement its terms.[8]

Because of Felice's refusal to sign the stipulation and order, Judge Cunningham ordered the clerk of the court to sign for her. Although Felice argues there is no authority for the clerk to have acted as elisor, the signature of the clerk of court on the stipulation and order is beside the point: the Further Judgment and express stipulation in paragraph 19.3 that was signed by Felice and David satisfies the requirement for a stipulation in writing under rule 2.831.[9] Rule 2.831 does not mandate that the parties' stipulation to a

---

[8] Judge Buckley separately reviewed the Further Judgment, and the text of paragraph 19.3, in connection with Felice's motion opposing forced and nonconsensual reassignment of case from Department 22 to private judge pro tempore and reached the same conclusion, stating in his order: "The terms of the Further Judgment undisputedly include the continued appointment of Judge Murphy as judge pro tempore."

[9] Given the language of the Further Judgment, we need not resolve the issue of whether the court had authority to appoint the clerk as elisor for the purpose of signing the stipulation and order appointing Judge Murphy. It should be emphasized, however, that paragraph 14.3 of the Further Judgment states, in relevant part: "Each party shall, upon request of the other or counsel of the other party, execute, acknowledge and deliver any and all . . . other documents necessary or desirable . . . to carry out the terms and provisions of this Further Judgment. Should a party required to execute and deliver such documents fail to do so . . . the demanding party may make application to the Court . . . in

20

temporary judge take the form of a stand-alone stipulation. Accordingly, Judge Cunningham's approval of the terms of the stipulation and order, which simply enforced the stipulation in paragraph 19.3, constitutes a valid order even absent the signature of the clerk of the court.

Felice also argues the provisions in paragraph 19.3 were not specific enough, for example as to the time frame of any reappointment of Judge Murphy. Even without such specificity, however, "it is now settled that a stipulation for the appointment of a temporary judge need not be in writing or even expressly made but can be implied from the conduct of the parties. [Citation.]" (*Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1579.) The common intent of the parties to have Judge Murphy hear all posttrial motions relating to the judgment entered in this matter, and an appointment of Judge Murphy for a period of approximately a year, is clearly implied from the original November 20, 2009 stipulation and order, the December 10, 2010 extension of that original order, and the terms of the Further Judgment. "[T]he conduct of counsel in participating in a proceeding and tacitly recognizing the authority of the temporary judge constitutes an implied stipulation." (*Id*. at p. 1580.)

Felice's petition for writ of mandate challenging the appointment of Judge Murphy for the alleged failure to comply with the requirements of California Rules of Court, rule 2.831 is denied.

        **2.**      **The Denial of Felice's Peremptory Challenge to Judge Murphy**

             **a.**      **Standard of Review**

A trial court's denial of a motion to disqualify a judge under section 170.6 is reviewed under the nondeferential de novo standard. (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363.)

---

order to carry out such orders as may be necessary to obtain the execution of said documents . . . (which may include a request that the court clerk . . . be appointed as elisor to sign on behalf of the party refusing to do so.)"

21

**b.** **The court correctly denied Felice's attempt to exercise a peremptory challenge against Judge Murphy**

"[I]t is clear that the right to urge the disqualification of a judge for most causes under section 170 and peremptorily under section 170.6 may be waived by the parties." *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 525. Such waiver can be express or implied. (*Id.* at p. 526.)

Here, there is no question that Felice expressly waived her right to seek peremptory disqualification of Judge Murphy when she originally stipulated to his appointment in 2009. Felice agreed that "[e]ach of the parties waives any right now or hereafter to challenge the Temporary Judge pursuant to *Code of Civil Procedure* §170.6, or to withdraw the stipulation to the Judge as Temporary Judge except for good cause pursuant to *Code of Civil Procedure* §170.1." In that same stipulation and order, Felice agreed that the scope of Judge Murphy's jurisdiction would include "all pretrial issues," "trials," "rendition of the judgment and any further judgments," and "all post-trial motions relating to the judgment." With respect to such postjudgment disputes, Felice and David stipulated and agreed in the Further Judgment that "all post-judgment proceedings relating to the parties' marital dissolution or the Judgment and/or Further Judgment executed and entered in connection therewith, including, but not limited to the reserved issues, shall be heard and determined by Judge Murphy."

Felice seeks to avoid her 2009 waiver "of any right now and hereafter to challenge the Temporary Judge pursuant to *Code of Civil Procedure* §170.6," and her agreement in the Further Judgment to Judge Murphy, by pointing to the fact that Judge Murphy's original appointment included a termination date and, following the one extension agreed to by the parties, his appointment as temporary judge did terminate. Felice asserts that the reappointment of Judge Murphy in 2014 came with a renewed right to exercise a peremptory challenge.

In denying Felice's challenge to Judge Murphy under Code of Civil Procedure section 170.6, the supervising judge found that, in these circumstances, Judge Murphy

22

was acting as "a judicial officer presiding over a continuation of earlier proceedings and, hence, . . . a Judicial officer beyond peremptory challenge." We agree. In *Jacobs v. Superior Court* (1959) 53 Cal.2d 187, the Supreme Court set forth the general principle that, having failed to exercise a peremptory challenge in the underlying proceedings, no peremptory challenge may be made to the trial judge presiding over posttrial proceedings that are a continuation of the original proceedings. "The essence of the rule stated in *Jacobs* is that in a supplemental or continued hearing on matters involved in the original proceeding an application under section 170.6 for disqualification of the same judge who heard the original proceeding is not proper or timely and is not permitted under the section." (*Oak Grove School Dist. v. City Title Ins. Company* (1963) 217 Cal.App.2d 678, 699.)

The expiration of Judge Murphy's term and its renewal do not undermine the conclusion that the current proceedings are a continuation of the proceedings in 2010. "The gravamen of the *Jacobs* decision establishes that a proceeding is a continuation of the original action out of which it arises if it involves 'substantially the same issues' as the original action." (*McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684.) Thus, "the presentation in the supplementary proceeding of 'matters necessarily relevant and material to the issues involved in the [original] action' stamp[s] the supplementary proceeding as a continuation of the original action." (*Ibid.*, italics omitted.) Felice is raising a substantive issue regarding modification of spousal support and thereby directly putting into question the meaning of the spousal support provisions contained in the Further Judgment. Such a request to modify clearly involves substantially the same issues as the original action. (See *Jacobs v. Superior Court*, *supra*, 53 Cal.2d at p. 191 [motion to modify custody provisions of prior judgment are a continuation of original action].) Moreover, the parties' agreement to Judge Murphy in paragraph 19.3 of the Further Judgment for "all post-judgment proceedings relating to the parties' marital dissolution or the Judgment and/or further Judgment" supports that such postjudgment proceedings are a continuation of Judge Murphy's earlier assignment.

Felice also attempts to defeat application of the continuation rule by characterizing Judge Murphy's role in the prior proceedings as minimal, contending that he only acted as a mediator, only signed a stipulated judgment, and did not make decisions on the merits or try the case. While David contests these characterizations, we need not resolve this dispute. Felice's loss of her right to a peremptory challenge is based on her waiver, not on whether her challenge to Judge Murphy was untimely because she failed to file a peremptory challenge within 15 days of assignment of an all purpose judge, or within 5 days before a trial. "As we construe the continuation of proceedings rule, if a party would be barred for any reason from exercising a peremptory challenge in a particular proceeding . . . the party is likewise barred from exercising a peremptory challenge in a later proceeding that qualifies as a continuation of— i.e., involves substantially the same issues as—the earlier proceeding in which the challenge would have been barred." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 62–63.) Here, by waiving the challenge to Judge Murphy in the underlying proceeding and affirmatively selecting him for any postjudgment disputes, Felice has waived any peremptory challenge against him in these continued proceedings, and her petition for writ of mandate is denied.[10]

3. **David's Petition for Writ of Mandate and Appeal from the Order After Hearing–July 31, 2014 that was Issued on January 24, 2014**

In both his petition for writ of mandate and his appeal, David argues Judge Cunningham did not have jurisdiction on January 24, 2014 to issue his Order After Hearing–July 31, 2013 because, by that time, Supervising Judge Buckley had already formally appointed Judge Murphy as temporary judge with a term extending to December 31, 2014. The fundamental premise underlying both his writ and his appeal is that the order issued in January 2014 is a "post-judgment order" by which Judge Cunningham

---

[10]    In light of this ruling, we need not reach, and express no opinion on, the alternative basis upon which the supervising judge denied Felice's peremptory challenge (i.e., that "temporary judges that are stipulated to by the parties and authorized by Article VI, § 21 of the California Constitution . . . do not seem to be governed by [Section 170.6]."

24

adjudicated the issue of the impact of the entry of the Further Judgment on the court's jurisdiction to modify spousal support. We disagree with this premise: the Order After Hearing–July 31, 2013, while filed in January 2014, does not purport to address any postentry of judgment issues, but rather memorializes the rulings made prior to the entry of the Further Judgment.[11] As we explain below, Judge Cunningham did not address postentry of judgment issues and his order did not rule on any such issues: the parties' disputes regarding the impact and meaning of the now filed Further Judgment are among the issues within the authority of Judge Murphy. As the trial court has not yet addressed these postentry of judgment issues, we decline to address them here.

At the time of the January 24, 2014 hearing, the case had been assigned to Judge Murphy for "all purposes," and Judge Cunningham no longer exercised subject matter jurisdiction to address those matters within that assignment, including "all post-judgment issues, motions, Requests for Orders and all other matters relating to the Judgment or Further Judgment and/or which may determined to be within the jurisdiction of the Superior Court." "[W]here a proceeding has been duly assigned for hearing and determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of power of the department to which the proceeding has been so assigned." (*Williams v. Superior Court* (1939) 14 Cal.2d 656, 662.) A judge may, in some limited circumstances, enter an order even after losing jurisdiction over a matter, for example when issuing an order to reflect a ruling on a submitted matter based on prior proceedings that judge previously heard. (*See Vertex Inv. Company v. Schwabacher* (1943) 57 Cal.App.2d 406, 409–410.) Aside from such situations, however, "while one department is exercising the jurisdiction vested by

---

**11**     In his appeal, David acknowledges that the Order After Hearing–July 31,2013 can be read in the manner we adopt, and not as an order that adjudicates issues arising out of

the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts. [Citation.] If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion." (*Williams v. Superior Court*, *supra*, 14 Cal.2d at p. 662.)

The distinction between entering an order memorializing a ruling from a past hearing and entering a new order within the scope of issues that have been transferred to another judge is significant here. To the extent Judge Cunningham's January 2014 order is read to set forth the court's rulings as of the July 2013 hearing, before the Further Judgment was entered, the court's statement that "it has jurisdiction over the issue of spousal support for [Felice]" leaves open for later decision David's contention that the subsequently entered Further Judgment terminates jurisdiction over spousal support. To the extent Judge Cunningham's January 2014 order is read to make rulings regarding "jurisdiction over spousal support" as of the date the order was issued (January 2014), it *might* suggest that the subsequently entered Further Judgment had no effect on terminating the jurisdiction to modify spousal support.

"The meaning of a court order . . . is a question of law within the ambit of the appellate court. [Citation.] 'The true measure of an order . . . is not an isolated phrase appearing therein, but its effect when considered as a whole. [Citations.] In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of the Court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same.' [Citations.]" (*In re Ins. Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1429–1430.)

the entry of the Further Judgment.

26

The record here supports that Judge Cunningham's January 24, 2014 order by its terms is intended to memorialize the rulings he made on the record presented to him on July 31, 2013; the order is not an adjudication of any issues that did or might result from the entry of the Further Judgment. With respect to the form and content of the order, it is titled Order After Hearing–July 31, 2014, and it recites that the parties appeared on that date, the court considered the pleadings filed, and "after hearing oral argument, made the following findings and order." The order includes support for the rulings with transcript references only to the argument given on July 31, 2013.[12]

This reading of the order is fully supported by the broader record, including the transcript of the January 24, 2014 hearing. When the parties appeared before Judge Cunningham on January 24, 2014, the sole purpose of the hearing was for the court to finalize the order after hearing from the hearing held on July 31, 2013, because the parties had presented competing orders regarding the July 2013 rulings. In colloquy, the court stated, "This is only as to what was in front of me on July the 31st." The court repeatedly emphasized that that the Further Judgment had not been entered at the time of the July 2013 hearing, and stated, "So I don't think I need to address that [entry of the Further Judgment] in this order." The court also made clear its Order After Hearing–July 31, 2013 did not decide the issue of whether the Further Judgment, once entered, would terminate the court's jurisdiction to modify spousal support, commenting, "[o]nce the judgment is entered, and depending upon what the judgment says, that's what determines a termination of jurisdiction." Therefore, the meaning of the Further Judgment, now

---

[12]    As David notes in his writ petition, at the time of the January 24, 2014 hearing, Judge Cunningham interlineated the order after hearing to include a reference to the date of entry of the Further Judgment (i.e., September 10, 2013). While the exact date of entry was not known as of July 31, 2013, the inclusion of that date does not transform the meaning of the order, or the clear intention that the order reflect rulings made on July 31, 2013. Even with the date included, the order still clearly reflects that the substantive rulings of the court were made as of July 31, 2013 and, in any event, reflect the state of

27

entered, and its impact on whether a court has jurisdiction to modify spousal support remains for Judge Murphy to decide.

The parties dispute the meaning of the phrase "first in time-first in right" in the Order After Hearing–July 31, 2014, and David argues it should be stricken to the extent the phrase suggests that Felice's RFO to modify spousal support trumps the later-entered Further Judgment. Felice opposes striking the language. Felice also suggests the phrase "first in time-first in right" means the trial court has already ruled that, by coming to court before entry of the Further Judgment, Felice is entitled to an evidentiary hearing to modify spousal support and the language of the Further Judgment regarding termination of jurisdiction over spousal support cannot be used to preclude that hearing. Felice's interpretation of "first in time-first in right" is erroneous, as made amply clear by the fact that when entering the order the court struck a footnote proposed by Felice stating that "[t]his Court's finding of jurisdiction will not terminate in the event [David] files the 2010 Further Judgment on Reserved Issues, because the Court found [Felice] to be first in time-first in right." While there is ambiguity in the record regarding what the court meant by "first in time-first in right" and how that might have impacted Felice's request to modify spousal support prior to the entry of the Further Judgment, the record is clear that the court did not intend to make any order that affected the parties' rights in context of postentry of the Further Judgment. Given that the Further Judgment has now been entered, the portion of the Order After Hearing-July 31, 2013 stating, "[Felice] to be first in time-first in right, and that [the court] has jurisdiction over the issue of spousal support for [Felice]" has been rendered meaningless: it has no applicability postentry of the Further Judgment. Accordingly, there is no reason to strike the language from the Order After Hearing-July 31, 2013. This portion of the Order After Hearing-July 31, 2013 was

_____

the record only up "until" entry of the Further Judgment, and not "after" entry of the Further Judgment.

not intended to bind, and in no way binds, the parties or Judge Murphy, who will address any issues in the context of an entered Further Judgment. **13**

Given that Judge Cunningham did not rule on the impact of the entry of the Further Judgment on Felice's request for modification of spousal support, his order is preliminary to the future proceedings before Judge Murphy on such issues. As a preliminary order, it is nonappealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654.) For a postjudgment order to be appealable under Code of Civil Procedure section 904.1, subd. (a)(2), "the order must either affect the judgment or relate to it by enforcing or staying its execution. [Citation.]" (*Lakin v. Watkins Associated Industries*, *supra*, 6 Cal.4th at pp. 651–652.) Unlike appealable postjudgment orders, the order here does not "affect[] the judgment or relate[] to its enforcement" and does not "finally determine[] the rights of the parties arising from the judgment." (*Id*. at p. 654.) We dismiss David's appeal because it is not taken from an appealable order. Further, given the meaning of the Order After Hearing–July 31, 2013 as set forth above, there is no reason to vacate the order as contrary to the Further Judgment, and David's petition for writ of mandate is denied.

---

**13** While the Order After Hearing–July 31, 2013 also sets a March 5, 2014 date for a hearing on Felice's original RFO, and a briefing schedule for that hearing, these portions of the order reflect what the court determined on July 31, 2013. These provisions cannot be sensibly read to suggest Judge Cunningham, in January 2014, was intending on proceeding with a hearing on Felice's RFO involving jurisdiction and support issues, as the case by this time had been assigned to Judge Murphy. Again, the transcript of the hearing indicates that Judge Cunningham understood the matter might be heard by Judge Murphy, but left the hearing date on calendar as a reflection of what had been ordered in July 2013, and because Felice noted she was challenging the transfer to Judge Murphy. Judge Cunningham remarked at the hearing, based on subsequent events, if the parties "want to come in and vacate the March 5th date, just come in." In light of our ruling affirming the appointment of Judge Murphy, and our understanding of the meaning of the "Order After Hearing–July 31, 2013," no postjudgment proceedings within the scope of Judge Murphy's appointment are to take place in Department 22.

**D.    Remand**

During the pendency of these appellate proceedings, the expiration date (i.e., December 31, 2014) contained in Judge Buckley's approval and order designating judge has passed.  Accordingly, we remand this matter to the supervising judge in Department 1 to issue an updated approval and order designating Judge Murphy with a new appointment and expiration date for Judge Murphy consistent with this ruling.

## DISPOSITION

The Court affirms the ruling challenged by Felice Reyes in her appeal, case No. B254253.

The Court denies the petition for writ of mandate sought by Felice Reyes in case No. B254046.

The Court denies the petition for writ of mandate sought by David Reyes in case No. 255133.

The Court dismisses the appeal of David Reyes in case No. B255276.

The matter is remanded to the supervising judge in Department 1 for the purpose of reissuing an updated approval and order designating judge with a new appointment and completion date for Judge Murphy.

Each party is to bear his or her own costs on appeal.

NOT TO BE PUBLISHED


MOOR, J. *

We concur:



ROTHSCHILD, P. J.                                        CHANEY, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


30